UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                CRIMINAL ACTION

VERSUS                                                         NO. 13-101

BEVERLEY BREAUX                                         SECTION "R" (3)


**ORDER AND REASONS**

Defendant Beverley Breaux moves for a sentence reduction under 28 U.S.C. § 2255.[1] For the following reasons, Breaux's motion is denied.

Breaux was convicted, following a jury trial, of conspiracy to commit health care fraud.[2] On December 16, 2016, the Court sentenced Breaux to 50 months.[3] The sentence was a downward variance, as Breaux's advisory sentencing range was 78 to 97 months imprisonment.[4]

At her sentencing, Breaux moved for a minor role reduction under U.S. Sentencing Guidelines Section 3B1.2(b).[5] Although the motion was untimely, the Court considered it on its merits.[6] The Court ruled from the bench as follows:

---

[1]   R. Doc. 709.
[2]   R. Doc. 508 at 1.
[3]   *Id.* at 2.
[4]   R. Doc. 733 at 10-12.
[5]   *Id.* at 3.
[6]   *Id.*

[T]he defendant argues that she should have received a minor role reduction under U.S. Sentencing Guidelines Section 3B1.2(b). The Sentencing Guidelines Application Note for 3B1.2 explains that mitigating role for minor participants is intended to cover a defendant who is less culpable than most other participants in the criminal activity but whose role could not be described as minimal.

As the Fifth Circuit holds, even if a defendant can show that she was less culpable than other co-defendants, that does not automatically qualify her for minor participant status. To qualify as a minor participant, a defendant must have been peripheral to advancing the illicit activity.

In this case the government elicited testimony at trial that the defendant contributed to the conspiracy in at least two ways. First, she provided her co-conspirators with a list of 479 Medicare patients from her former employer, Diversified Health Services, that her co-conspirators could certify as homebound and admit to the Morad companies' home healthcare network.

The government elicited testimony at trial that the defendant knew that these patients were not homebound. The defendant provided this patient list to Memorial with the condition that Memorial hire the defendant to work as a nurse for the patients on this list, even though the defendant knew that the patients were not homebound and did not need home healthcare.

Second, the government elicited testimony at trial that the defendant knew that other patients within the Morad companies' home healthcare network were also not homebound. Nonetheless, when the defendant began working at Memorial Home Healthcare, she served as the nurse for these other patients who were not homebound and did not need home healthcare.

In fact, the defendant was specifically assigned to those patients who did not want a nurse to provide them home healthcare because the defendant had a reputation for barely making visits even though the defendant knew that, according to Medicare standards, patients should have been seen more often.

> This evidence reveals that the defendant's conduct in furtherance of the conspiracy was more than just peripheral. She directly contributed to the fraudulent scheme by providing her co-conspirators with additional patients and by purportedly providing nursing services to patients who did not need healthcare. Therefore, the minor role reduction is denied.[7]

Breaux now moves once again for a minor role reduction under section 3B1.2(b). Breaux's motion is not a model of clarity, but she appears to argue that section 3B1.2(b) has been amended since her sentencing, and that she is entitled to a reduction under the new provision. Breaux is mistaken: section 3B1.2(b) was last amended on November 1, 2015 and Breaux was sentenced on December 16, 2016.[8] *See* U.S.S.G. § 3B1.1. There has been no relevant change in the guidelines, and Breaux's motion therefore fails for the reasons offered at sentencing. *See also United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005) (explaining that section 3B1.2(b) "only applies when a defendant is substantially less culpable than the average participant. It is not enough that a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity.") (internal quotations and citations omitted).

---

[7] *Id.* at 3-5.
[8] R. Doc. 508.

Accordingly, Beverley Breaux's motion for a sentence reduction is DENIED.

New Orleans, Louisiana, this __8th__ day of May, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE