UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 13-101 |
| BEVERLY BREAUX | SECTION "R" |

# ORDER AND REASONS

Before the Court is Beverly Breaux's motion to modify the terms of her sentence.[1] For the following reasons, Breaux's motion is denied.

On May 13, 2015, Breaux was found guilty of conspiracy to commit healthcare fraud, pursuant to 18 U.S.C. §§ 1347, 1349.[2] On December 18, 2015, the Court sentenced Breaux to a term of imprisonment of 50 months.[3]

Breaux now moves the Court to modify the terms of her sentence to allow her to serve her remaining time under home confinement because of her advanced age.[4] The Court lacks authority to grant the relief Breaux seeks. According to 18 U.S.C. § 3852(c)(1)(A), the Court may not modify a term of imprisonment once it has been imposed unless it receives a motion from the Director of the Bureau of Prisons. *Id.*; *see also* U.S.S.G. 1B1.13 ("Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. §

---

[1] R. Doc. 876.
[2] R. Doc. 508.
[3] *Id.*
[4] R. Doc. 876-1.

3852(c)(1)(A), the court may reduce a term of imprisonment."). No such motion has been made in this case. Further, the Bureau of Prisons, not the Court, must determine if Breaux should serve the remainder of her sentence in home confinement. *See* 18 U.S.C. § 3624(c); *United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) ("request[s] for home confinement . . . are properly directed to the Bureau of Prisons.") (citation omitted); *United States v. Parish*, No. 14-166, 2016 WL 7441142, at *1 (E.D. La. Dec. 27, 2016) (noting that 18 U.S.C. § 3624(c) "gives the *Bureau of Prisons* . . . and not the *sentencing court*, authority to place a prisoner in home confinement.") (emphasis in original).

Breaux's motion is therefore DENIED.

New Orleans, Louisiana, this __29th__ day of April, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE